IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAUN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-1400-NJR |
| ) | |
| ) | |
| UNKNOWN FBOP STAFF, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Braun Thompson, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at United States Penitentiary–Marion ("USP–Marion"), filed suit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Thompson alleges funds from his prisoner trust fund account are being improperly taken to pay his PLRA fees. Thompson has also filed a motion to expand the scope of his lawsuit and to add additional instances where funds were taken from his trust fund account (Doc. 18). The motion to expand (Doc. 18) is **DENIED**. The Court does not accept piecemeal amendments to the Complaint.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint (Doc. 1), Thompson makes the following allegations: Thompson indicates that he owes fees in two civil actions he filed, one in Illinois and one in Florida. As a result of those two cases, he believes that 20% of his incoming funds should be set aside for payments. On two occasions in either February, March, or April 2021, Thompson received $40.00, and $8.00 was withheld from his account. On those occasions, the $8.00 was returned to him. But in September 2021, he received $40.00 in his trust fund account and $8.00 was withheld, but the money was not returned to his account. Instead, it was submitted to the courts for payment on his fees. He believes this is a violation of the PLRA minimum payment procedures and that it was done purposefully by someone on the trust fund staff.

## Discussion

Simply put, Thompson fails to state a claim. He fails to identify any constitutional violation caused by the removal of funds from his account. His claim most closely resembles a "taking" of his funds without due process under the Fifth Amendment, but even construing his claim as such, Thompson's claim would still fail. The Supreme Court in *Bivens* acknowledged that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980) (citing *Bivens*, 403 U.S. 388). The Court has explicitly recognized this implied damages remedy in only three

contexts, however, including a claim for an unlawful search and seizure in violation of the Fourth Amendment in *Bivens*, 403 U.S. 388 (1971); a claim for gender discrimination in violation of the Fifth Amendment in *Davis v. Passman*, 442 U.S. 228 (1979); and a claim for the denial of medical care in violation of the Eighth Amendment in *Carlson v. Green*, 446 U.S. 14 (1980). In the four decades that have since passed, the Supreme Court has not recognized a *Bivens* remedy in any other context.

Moreover, the Supreme Court has cautioned lower courts against expanding this remedy into new contexts absent special circumstances. *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843 (2017). To determine whether a *Bivens* remedy is available to Thompson for his claim, the Court must ask whether the claim presents a new *Bivens* context. *Id.* at 1859. If so, the Court also must consider whether any special factors counsel hesitation in granting an extension of this remedy into the next context. *Id.*; *Hernandez v. Mesa*, 140 S.Ct. 735 (2020).

Thompson's claim for improperly taken funds does not fall into either of these contexts. The Seventh Circuit has also declined to extend *Bivens* to due process claims. *See Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018) (due process claim against warden for encumbering plaintiff's funds in his trust fund was a new theory of relief under Bivens and plaintiff could pursue administrative remedies through the BOP). Further, Thompson has an adequate remedy through the BOP's Administrative Remedy Program. Additional remedies may include: a claim under 31 U.S.C. § 3723(a)(1), which allows small claims (up to $1,000) to be presented to the agency for redress of damages caused by the negligent acts of a federal officer. See 31 U.S.C. §§ 3723(a)(1); *Ali v. Federal Bureau*

3

*of Prisons*, 552 U.S. 214, 228 n. 7 (2008). The availability of an adequate administrative remedy for Thompson's loss as a result of Defendant's actions counsels against allowing an extension of *Bivens* to Thompson's claims. For these reasons, the Court declines to extend *Bivens* to Thompson's claim for damages for his trust funds, and this claim shall be dismissed with prejudice.

Further, to the extent that Thompson alleges that his PLRA payments are too high or the amount of funds to be removed were miscalculated, Thompson is reminded that the filing fees for multiple cases cumulate. *See Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). A prisoner who files one suit must remit 20% of his monthly income to the Clerk of Court until his fees have been paid; a prisoner who files a second suit or an appeal must remit 40%; and so on. *Newlin*, 123 F.3d at 436. "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id*.

## Disposition

For the reasons stated above, Thompson's Complaint is **DISMISSED with prejudice** for failure to state a claim. This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Thompson wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Thompson does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v.*

*Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** May 17, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

5